UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE PENA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>    Defendant. | Case No. CV 11-5936-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

On July 21, 2011, plaintiff Louise Pena filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

Two issues are presented for decision here: (1) whether the Administrative Law Judge ("ALJ") properly determined at step five that plaintiff is capable of

performing work as telephone quotation clerk, order clerk, and document preparer; and (2) whether the ALJ properly evaluated plaintiff's credibility and subjective symptoms. Pl.'s Mem. at 3-7, 7-12; Def.'s Mem. at 3-7, 7-10.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court concludes that, as detailed herein, the ALJ failed to meet the Commissioner's step five burden to demonstrate that plaintiff can perform other jobs in the regional and national economy. In addition, the ALJ inappropriately discounted plaintiff's credibility and her subjective complaints. Therefore, the court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-nine years old on the date of her September 24, 2009 administrative hearing, has two years of college education. *See* AR at 29-30. Her past relevant work includes employment as a salesclerk and caregiver. *Id.* at 30, 172.

On May 14, 2008, plaintiff applied for DIB and SSI, alleging that she has been disabled since May 1, 2005 due to epilepsy, depression, high cholesterol, and panic attacks. *See* AR at 89-93, 94-96, 102. Plaintiff's applications were denied initially, after which she filed a request for a hearing. *Id.* at 39, 40, 41-45, 46-50, 51-52.

On September 24, 2009, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 23-24, 29-37. The ALJ also heard testimony from Lowell Sparks, a medical expert ("ME"). *Id.* at 24-29. Thereafter, Alan Boroskin, a vocational expert ("VE"), answered and submitted Vocational Expert Interrogatories to the ALJ. *Id.* at 172-74. On January 8, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 9-17.

Applying the well-known five-step sequential evaluation process, the ALJ

found, at step one, that plaintiff has not engaged in substantial gainful activity since her alleged disability onset date. AR at 11.

At step two, the ALJ found that plaintiff suffers from severe medically determinable impairments consisting of: epilepsy, morbid obesity, high cholesterol, panic attacks, and depression. AR at 11.

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 11.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and determined that she can perform medium work. Specifically, the ALJ found that:

> [plaintiff] can occasionally lift and carry fifty pounds and frequently lift and carry twenty-five pounds; she can stand for four hours, sit for six hours, and walk for two hours in an eight-hour workday; she has no limitations in simple grasping, pushing and pulling of arm controls, and fine manipulation; she can use feet for repetitive movements as in pushing and pulling of leg controls; she has total restrictions in unprotected heights, being around moving machinery, exposure to marked changes in temperature and humidity, and driving automotive equipment, but has no restriction in exposure to dust, fumes, and gases. Also, [plaintiff] is limited to simple repetitive tasks.

AR at 13 (emphasis omitted).

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

The ALJ found, at step four, that plaintiff lacks the ability to perform any of her past relevant work. AR at 15.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." AR at 16 (emphasis omitted). The ALJ therefore concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 9, 16-17.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 5. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed

simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

### A. The ALJ Failed to Obtain An Explanation or Persuasive Evidence to Justify the VE's Deviation from the DOT

Plaintiff asserts that the jobs specified by the VE, which the ALJ found plaintiff capable of performing, are inconsistent with plaintiff's assessed RFC limitations. *See* Pl.'s Mem. at 3-7. The court agrees. Notably, plaintiff's RFC restricted her to "simple repetitive tasks." AR at 13 (emphasis omitted). The jobs specified by the VE – telephone quotation clerk, order clerk, and document preparer (*id.* at 173) – are inconsistent with that limitation. Because there is no evidence to support this deviation, the ALJ failed to meet the Commissioner's step five burden to prove that plaintiff can perform other jobs in the national economy.

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. §§ 404.1512(f), 416.912(f).

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. §§ 404.1566(d)(1) (DOT is source of reliable job

information), 416.966(d)(1) (same). The DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi*, 486 F.3d at 1152-53 (citing Social Security Ruling ("SSR") 00-4p).[2] But failure to so inquire can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. *Massachi*, 486 F.3d at 1154 n.19. In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Massachi*, 486 F.3d at 1153 (citing *Johnson*, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted).

    In this case, the ALJ made no inquiries as to whether there was a conflict between the VE's testimony and the DOT. The ALJ simply concluded that "the vocational expert's opinion is consistent with the information contained in the Dictionary of Occupational Titles." AR at 16. The issue here is whether plaintiff's RFC is consistent with the DOT's descriptions of the jobs identified by the VE such that the ALJ's failure to inquire about any conflict was harmless.

    Defendant argues that plaintiff's mental limitation is, in fact, consistent with the jobs' reasoning level by pointing to the jobs' Specific Vocational Preparedness

---

[2] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

("SVP") scores listed in the DOT. Def.'s Mem. at 5. Defendant contends that the three jobs are considered unskilled jobs under the DOT's SVP scores, and that because the job duties would be simple ones, the reasoning required to perform those jobs must necessarily be simple as well and, thus, not in conflict with the ALJ's "simple repetitive tasks" functional limitation. *Id.* at 5-6. The court disagrees.

"SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity . . . ." *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) (quotation marks and citation omitted).

> A job's SVP is focused on "the amount of lapsed time" it takes for a typical worker to learn the job's duties. A job's reasoning level, by contrast, gauges the minimal ability a worker needs to complete the job's tasks themselves.

*Id.* (internal citation omitted). Thus, to determine the job's simplicity and the reasoning level required, one should look to the General Educational Development ("GED") reasoning level ratings for the job listed in the DOT. *Id.*

A review of the reasoning level associated with the three jobs the VE identified – telephone quotation clerk, order clerk, and document preparer – supports the conclusion that there is an apparent conflict in this case. In the VE's answers to the interrogatories, he stated that a hypothetical person with plaintiff's RFC could perform the jobs of telephone quotation clerk (DOT No. 237.367-046), order clerk (DOT No. 209.567-014), and document preparer (DOT No. 249.587-018). AR at 172-73. The DOT classifies all three jobs as requiring a reasoning development level 3. *See* DOT No. 237.367-046; DOT No. 209.567-014; DOT No. 249.587-018. A level 3 reasoning development score assumes a person can "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form [and] [d]eal with problems involving several concrete variables

in or from standardized situations." *See* DOT, app. C. On its face, the description of this reasoning development level requiring an ability to deal with problems involving multiple variables is inconsistent with an individual limited to simple repetitive tasks. Additionally, it may be difficult for a person limited to simple tasks to follow instructions in "diagrammatic form," as such instructions can be abstract.

There is no information in the record that resolves or even addresses this apparent conflict. Defendant suggests that persuasive evidence in fact does exist to justify the deviation. *See* Def.'s Mem. at 6-7. But the court's review is limited to the reasons actually cited by the ALJ in his decision finding that plaintiff is capable of performing other jobs in the national economy. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." (citation omitted)). In making this finding, the ALJ did not cite to any evidence suggesting plaintiff is capable of performing more complex work, or in any other way address the discrepancy between plaintiff's RFC and the DOT job descriptions. Accordingly, the ALJ did not meet the Commissioner's step five burden to demonstrate that plaintiff can perform other jobs in the national economy.

**B.** **The ALJ Improperly Discounted Plaintiff's Credibility and Subjective Complaints**

Plaintiff argues that the ALJ failed to properly assess her credibility. *See* Pl.'s Mem. at 7-12. Specifically, plaintiff maintains that the ALJ failed to "provide clear and convincing reasons for rejecting [her] testimony." *Id.* at 12. The court agrees. It appears that the ALJ improperly discounted plaintiff's credibility based on lack of supporting objective medical evidence, plus statements by plaintiff concerning her daily activities that were not in fact inconsistent with her subjective complaints.

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton ex rel. Benton v.*

*Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). But once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light*, 119 F.3d at 792 ("claimant need not present clinical or diagnostic evidence to support the severity of his pain" (citation omitted)).

Instead, once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. *See generally* AR at 9-17. Thus, in rejecting plaintiff's credibility the ALJ was required to articulate clear and convincing reasons. *See Benton*, 331 F.3d at 1040. Although these reasons may include findings from the objective medical evidence, these reasons may not be based solely on the medical evidence. Rather, where, as here, the plaintiff produced sufficient medical evidence of underlying impairments that are likely to cause some degree of her alleged symptoms, the ALJ errs to the extent he rejects the plaintiff's credibility based solely upon a lack of objective findings to support her allegations.[3]

---

[3] Plaintiff provided sufficient medical evidence of her underlying impairments – epilepsy, depression, high cholesterol, and panic attacks – that were likely to produce the symptoms she described. *See, e.g.*, AR at 184 (March 31, 2004 treatment note indicated plaintiff suffered from depression), 198 (in an August 23, 2001 treatment note, plaintiff was assessed with seizure disorder and depression,

1  *See Bunnell*, 947 F.2d at 345 ("once [a] claimant produces objective medical
2  evidence of an underlying impairment, an [ALJ] may not reject [the] claimant's
3  subjective complaints based solely on a lack of objective medical evidence to fully
4  corroborate the alleged severity of pain" (citation omitted)); SSR 96-7P, 1996 WL
5  374186, at *1 (claimant's "statements about the intensity and persistence of pain or
6  other symptoms or about the effect the symptoms have on his or her ability to work
7  may not be disregarded solely because they are not substantiated by objective
8  medical evidence").

     In determining plaintiff's RFC, the ALJ found plaintiff's impairments could be expected to cause some of her alleged symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." AR at 15. In rejecting plaintiff's credibility, the ALJ specifically found that "[t]he relevant medical evidence in the file fails to support [plaintiff's] subjective complaints." *Id.* The ALJ provided a thorough analysis of the record to support his findings, but failed to state any other valid reasons for discounting plaintiff's credibility apart from the objective medical evidence. *See generally id.* at 13-15.

     As defendant points out, the ALJ also rejected plaintiff's credibility based upon her ability to carry on certain daily activities. *See* AR at 15; Def.'s Mem. at

---

and was directed to continue taking Depakote for the seizures and Celexa for depression), 204 (April 22, 2004 lab results indicated high cholestorol), 289 (June 12, 2008 Psychological Evaluation report indicated plaintiff was suffering from anxiety disorder, not otherwise specified), 347 (plaintiff was treated on June 9, 2009 for injuries caused after suffering a seizure), 362 (June 9, 2009 treatment note indicated: (1) straightening of the usual lordotic curvature consistent with spasm; (2) disc space narrowing and degenerative osteophytes at C5-6, C6-7, and C7-T1; (3) there is no subluxation, fracture or bone destruction; and (4) central canal and lateral foramen appear intact).

10. In this case, however, this was not a clear and convincing reason. The ALJ found that plaintiff's subjective complaints are undermined by her testimony that she is able to "play bingo," "vacuum, mop, dress . . . herself, and go[] . . . shopping by herself." AR at 15. But "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). The ALJ here did not explain how plaintiff's daily activities are inconsistent with the intensity, persistence, and limiting effects of the symptoms she claims, and they do not appear to be. Nor did the ALJ indicate how plaintiff's ability to perform these daily activities translates into an ability to do activities that are transferrable to a work setting. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (ALJ erred in failing to make a "finding to the effect that the ability to perform those daily activities translated into the ability to perform appropriate work").

   Accordingly, the court finds that the ALJ failed to provide clear and convincing reasons for discounting plaintiff's subjective complaints of pain and limitation.

## V.
## **REMAND IS APPROPRIATE**

   The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that

the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

 Here, as set out above, remand is required because the ALJ erred in failing to obtain any explanation or persuasive evidence to justify the VE's deviation from the DOT.  Remand is also appropriate because the ALJ erred in failing to properly evaluate plaintiff's credibility.  On remand, the ALJ shall reconsider plaintiff's subjective complaints with respect to her physical impairments and the resulting limitations, and either credit plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them.  In addition, the ALJ shall, at step five, with the assistance of a vocational expert, determine whether plaintiff can perform work existing in significant numbers in the regional and national economies.  If applicable, the ALJ shall obtain an explanation or persuasive evidence to justify any deviation from the DOT by the vocational expert.

## VI.
## CONCLUSION

 IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: April 19, 2012



_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE